# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:05CR00050 |
| v. ) | **OPINION** |
| ) | |
| **CARLA TENIKA CONDRA,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Carla Tenika Condra, Pro Se Defendant.*

Defendant, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging among other things that her sentence for aggravated identity theft violated the Ex Post Facto Clause. After reviewing the defendant's submissions and the record, I will summarily dismiss defendant's § 2255 motion as untimely filed.[1]

I

A grand jury of this court returned an Indictment on July 21, 2005, charging Carla Tenika Condra with bank fraud (Count One), possession and uttering of a

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.

counterfeit security (Count Two), aggravated identity theft under 18 U.S.C. § 1028A (Count Three), and using another's identity to commit bank fraud (Count Four).  After some time as a fugitive, Condra pleaded guilty to all charges on December 17, 2007.  I sentenced her to three concurrent terms of 78 months on three of the charges and to a mandatory minimum, consecutive term of 24 months for the aggravated identity theft conviction as required by § 1028A.  Judgment entered on February 25, 2008.  Condra did not appeal.

Condra signed and dated her § 2255 motion on July 23, 2013.  As grounds for relief under § 2255, she alleges: (1) the aggravated identity theft conviction and sentence constituted a violation of the Ex Post Facto Clause; (2) pursuing two different charges for possession of the same person's identification was unlawful multiplicity; and (3) the sentence for aggravated identity theft was illegal.  Condra later filed what she styled as an "Amended" § 2255 motion, alleging the following claims:  (4) counsel was ineffective in advising her to plead guilty to aggravated identity theft, (5) same as claim (1); (6) the court erred in calculating Condra's criminal history points under the 2008 version of the sentencing guidelines;[2] and

---

[2]  For reasons herein stated, I must dismiss Condra's § 2255 motion as untimely under § 2255(f) and, therefore, need not discuss the merits of her claims.  I note for the record, however, that Condra's Ex Post Facto claims have no basis in fact.  She erroneously asserts that the mandatory penalty under 18 U.S.C. § 1028A was not enacted by Congress until after May 2005, when she committed her offense of conviction; that this offense was not included in the Indictment; and that her custody range was unlawfully calculated under the 2008 version of the U. S. Sentencing Guidelines Manual

(7) imposition of the mandatory minimum sentence under § 1028A violated Condra's Sixth Amendment right to trial by jury.

By order entered August 7, 2013, the court advised Condra that her motion appeared to be untimely under § 2255(f) and would be summarily dismissed on that ground unless she provided additional information or argument demonstrating that her claims should be addressed on the merits. Condra has responded, asserting that her claims are timely filed under § 2255(f)(3), based on recent decisions by the Supreme Court.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

("USSG"), which increased her range over what it would have been if calculated under the 2005 version of the USSG. In fact, 18 U.S.C. § 1028A took effect on July 15, 2004, *see* Identity Theft Penalty Enhancement Act, Pub. L. No. 108-275, 118 Stat. 831 (2004), and this section was cited in Count Three of the Indictment against Condra. The Presentence Investigation Report in Condra's case states that it was prepared, using the 2007 version of the sentencing guidelines. She fails to point to any guideline provision in the 2007 version that resulted in a higher custody range than she would have received under the 2005 version of the guidelines.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Condra's § 2255 motion is clearly untimely under § 2255(f)(1). Her conviction became final on March 10, 2008, when her ten-day opportunity to appeal the Judgment expired. *See* Fed. R. App. P. 4(b)(1)(A) (former version). Condra's one-year window to file a timely motion under § 2255(f)(1) expired on March 10, 2009, and her § 2255 motion was not filed within that time period.

Condra argues that her § 2255 motion is timely under § 2255(f)(3), based on the Supreme Court's decisions in *Peugh v. United States*, 133 S. Ct. 2072 (2013) (holding that the Ex Post Facto Clause is violated when a defendant is sentenced under current sentencing guidelines providing a higher sentencing range than guidelines in effect at the time of the offense), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that fact which increases mandatory minimum sentence

for an offense must be submitted to jury).³ Condra offers no argument or authority indicating that either of these decisions applies retroactively to cases on collateral review, and I find no such authority.⁴

Moreover, Condra fails to demonstrate that either of these recent decisions offers her any ground for relief. The 24-month sentence she challenges is the statutory mandatory minimum for the offense under § 1028A, to which Condra pleaded guilty. As *Alleyne* addressed a jury trial situation and *Peugh* addressed a guideline sentence, neither case applies to Condra's claims. Thus, neither case has any bearing on the timeliness of her § 2255 motion.

---

³ Condra also cites *United States v. Diaz*, 515 F. App'x 595 (7th Cir. 2013) (unpublished) (finding on appeal that defendant was entitled to be resentenced in light of *Peugh*). The Seventh Circuit's decision in *Diaz* cannot trigger calculation of Condra's filing period under § 2255(f)(3), since this section by its own terms applies only to rights newly recognized by Supreme Court decisions.

⁴ A new rule of constitutional law is only applicable to render Condra's motion timely under § 2255(f)(3) if that rule has been made retroactive to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). The Supreme Court did not declare the new rule in *Alleyne* retroactively on collateral review, nor is it likely to do so. *See, e.g., Simpson v. United States*, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) (noting that the new constitutional rule announced in *Alleyne*, had not been made retroactively applicable on collateral review, and that *Alleyne* is an extension of *Apprendi*, which itself is not retroactive).

Similarly, the Supreme Court did not make the ruling in *Peugh* retroactively applicable, and is unlikely to do so, as its ruling is an extension of the Court's prior precedent interpreting the Ex Post Facto Clause.

In conclusion, for the stated reasons Condra does not state facts or law on which her § 2255 claims in the initial motion or the amended motion could be deemed timely filed under any subsection of § 2255(f). She also does not demonstrate any ground for equitable tolling. Accordingly, I will dismiss her claims as untimely filed.

A separate Final Order will be entered herewith.

DATED: August 30, 2013

/s/ James P. Jones
United States District Judge